IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

RICKY BENSON a/k/a )
RICKEY BENSON, )
)
    Plaintiff, )
)
VS. ) No. 13-2989-JDT-dkv
)
SHELBY COUNTY, et al., )
)
    Defendants. )

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
(ECF No. 2)
ORDER DIRECTING PLAINTIFF TO PAY THE FULL $400 CIVIL FILING FEE
AND
ORDER DENYING PENDING MOTION
(ECF No. 3)

    On December 17, 2013, Plaintiff Ricky Benson a/k/a Rickey Benson, RNI number 204821, an inmate at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Plaintiff also filed a motion for two cross claims and a preliminary injunction. (ECF No. 3.)

    Under the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the full filing fee of $400 required by 28 U.S.C.

§ 1914(a).[1] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See* McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs.").

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." In re Alea, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous lawsuits that were dismissed for failure to state a

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914)b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

claim or as frivolous.[2] Therefore, Plaintiff may not take advantage of the installment-payment provisions of 28 U.S.C. § 1915(b) unless he is in imminent danger of serious physical injury.

It is also necessary to consider whether the exception to the "three strikes" provision is applicable here. The assessment whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g.*, Vandiver v. Vasbinder, 416 F. App'x 560, 561-62 (6th Cir. 2011); Rittner v. Kinder, 290 F. App'x 796, 797-98 (6th Cir. 2008); Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In this case, Plaintiff alleges that, on November 17, 2013, Sergeant Danny McLain turned off the television while Plaintiff and other inmates were watching a movie. (ECF No. 1 at Page ID # 3.) Plaintiff and the other inmates felt that McClain had disrespected them and cursed McClain. (*Id.*) Plaintiff alleges that he had previously filed a grievance on McClain which caused McClain to single him out. (*Id.*) Plaintiff alleges that McClain came into his cell, told him to turn around to be handcuffed, and slammed Plaintiff into the wall. (*Id.*) Plaintiff alleges that McClain ordered other officers to spray Plaintiff with a chemical agent. (*Id.*) Plaintiff alleges that McClain threatened to kill Plaintiff after Plaintiff filed the grievance on McClain. (*Id.*)

Plaintiff's filed this complaint one month after the incident occurred. Plaintiff's

---

[2] *See* Benson v. Luttrell, et al., No. 08-2825-JPM-dkv (W.D. Tenn.), which was dismissed for failure to state a claim on January 9, 2009; Benson v. Luttrell, et al., No. 07-2790-SHM (W.D. Tenn.), which was dismissed for failure to state a claim on September 11, 2008; and Benson v. Luttrell, et al., No. 04-2507-JPM-tmp (W.D. Tenn.), which was dismissed for failure to state a claim on October 26, 2004.

complaint does not adequately allege that he was in imminent danger of serious physical injury on the day that he commenced this action. "Allegations that are conclusory, ridiculous, or clearly baseless are . . . insufficient for purposes of the imminent-danger exception." Taylor v. First Med. Mgmt., 508 F. App'x 488, 492 (6th Cir. 2012).

Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." Taylor, 508 F. App'x at 492-93. Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Therefore, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within thirty (30) days of the date of filing of this order. Failure to do so will result in the assessment of the filing fee directly from Plaintiff's inmate trust fund account and dismissal of this action for failure to prosecute. Alea, 286 F.3d at 381-82.[3]

Plaintiff's complaint has not been served on any Defendant. The motion for cross-claims and a preliminary injunction (ECF No. 3) is DENIED as premature.

---

[3] As the Sixth Circuit explained: "Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions — whatever their merit or disposition — will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints — thus taking much valuable time away from other non-frivolous litigation — without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant." Id. at 382.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE